UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:19-CV-00394-KKC
*-electronically filed-*

ELIZABETH NIBLOCK, Individually
and on behalf of all those similarly
situated                                                                PLAINTIFF

v.              **ANSWER TO FIRST AMENDED COMPLAINT**

UNIVERSITY OF KENTUCKY, MITCH
BARNHART and ELI CAPILOUTO                                  DEFENDANT

***** ***** *****

Defendants University of Kentucky, Mitch Barnhart in his official capacity, and Eli Capilouto in his official capacity, through counsel, file this Answer to Plaintiff's First Amended Complaint (D.E. 8) ("Complaint").

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety, with prejudice. In addition, Defendants adopt and incorporate by reference the arguments and defenses set forth in their Motion to Dismiss (D.E. 11).

## SECOND DEFENSE

With respect to the specific allegations in the Complaint, Defendants state as follows[1]:

1.      Defendants deny the allegations in numerical paragraph 1 of the Complaint.

2.      Defendants deny the allegations in numerical paragraph 2 of the Complaint.

3.      Defendants deny the allegations in numerical paragraph 3 of the Complaint.

4.      Defendants deny the allegations in numerical paragraph 4 of the Complaint.

---

[1] Unless otherwise stated, the numerical paragraphs in this section of the Answer correspond to the numerical paragraphs in the Complaint. The narrative "introduction" to Plaintiff's Complaint does not require a factual response. To the extent a response is required Defendants deny the allegations in the "introduction" to Plaintiff's Complaint.

5.     As to the allegations in numerical paragraph 5 of the Complaint, Defendants admit Elizabeth Niblock is the named Plaintiff in this lawsuit and that the named Defendants are the University of Kentucky, Athletic Director Mitch Barnhart in his official capacity, and Eli Capilouto in his official capacity. Plaintiff voluntarily dismissed the University's Board of Trustees as a defendant in this action (D.E. 17). Therefore, Defendants deny this action is brought against the Board of Trustees. Defendants also deny class action status is appropriate and deny the remaining allegations in numerical paragraph 5 of the Complaint.

6.     Defendants deny the allegations in numerical paragraph 6 of the Complaint.

7.     As to the allegations in numerical paragraph 7 of the Complaint, Defendants state 20 U.S.C. § 1681 and any implementing regulations are clear and unambiguous and Defendants deny the Plaintiff's characterizations of the statute and implementing regulations. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny any remaining allegations in numerical paragraph 7 of the Complaint.

8.     Defendants deny the allegations in numerical paragraph 8 of the Complaint.

9.     Defendants deny the allegations in numerical paragraph 9 of the Complaint and deny there is more than one named Plaintiff.

10.    As to the allegations in numerical paragraph 10, Defendants admit Plaintiff is seeking the relief described in those allegations, but denies Plaintiff is entitled to that relief, or any other relief, from Defendants. Defendants deny there is more than one named Plaintiff. Defendants deny any remaining allegations in numerical paragraph 10 of the Complaint.

11. As to the allegations in numerical paragraph 11 of the Complaint, Defendants admit Plaintiff has asserted claims under Title IX (20 U.S.C. §§ 1681 *et seq*.), the implementing regulations policies, and Department interpretations regarding Title IX, and claims for alleged violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, but deny those claims have merit and deny any violation of law or the United States Constitution.

12. Defendants generally admit the allegations in numerical paragraph 12 of the Complaint, but only to the extent Plaintiff's claims are not barred by sovereign immunity, in which case and to which extent the allegations of numerical paragraph 12 of the Complaint are denied.

13. Defendants generally admit the allegations in numerical paragraph 13 of the Complaint, but only to the extent Plaintiff's claims are not barred by sovereign immunity, in which case and to which extent the allegations of numerical paragraph 13 of the Complaint are denied.

14. Defendants generally admit the allegations in numerical paragraph 14 of the Complaint, but only to the extent Plaintiff's claims are not barred by sovereign immunity, in which case and to which extent the allegations of numerical paragraph 14 of the Complaint are denied.

15. As to the allegations in numerical paragraph 15 of the Complaint, Defendants admit Plaintiff Niblock is a current student at the University. Defendants deny that Plaintiff Niblock has the interest and ability to play a Division I sport at a Power Five Conference institution. Defendants further deny these allegations in that they assert there are multiple plaintiffs. There is only a single Plaintiff, Niblock, and no class has been certified.

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in numerical paragraph 15 of the Complaint and therefore deny those allegations.

16.     As to the allegations in numerical paragraph 16 of the Complaint, Defendants admit Plaintiff Elizabeth Niblock enrolled at the University of Kentucky in 2017 as a transfer student from another institution. Defendants deny that Plaintiff Niblock has the interest and ability to play a Division I sport at a Power Five Conference institution. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in numerical paragraph 16 of the Complaint and therefore deny those allegations.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 17 of the Complaint and therefore deny those allegations.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 18 of the Complaint and therefore deny those allegations.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 22 of the Complaint and therefore deny those allegations.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 22 of the Complaint and therefore deny those allegations and state that despite her alleged interest in lacrosse, Plaintiff never participated on the University's club lacrosse team.

21.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 21 of the Complaint and therefore deny those allegations.

22.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 22 of the Complaint and therefore deny those allegations and state that despite her alleged interest, Plaintiff has not participated on the University's club field hockey team.

23.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 23 of the Complaint and therefore deny those allegations.

24.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 24 of the Complaint and therefore deny those allegations.

25.   As to the allegations in numerical paragraph 25 of the Complaint, Defendants admit Plaintiff Niblock was a senior during the 2019-2020 academic year. Defendants are without sufficient information to form a belief as to the truth or falsity of whether Niblock is a "resident" of Lexington, Kentucky, and therefore deny that allegation. Defendants deny any remaining allegations in numerical paragraph 25 of the Complaint.

26.   As to the allegations in numerical paragraph 26 of the Complaint, Defendants admit the University of Kentucky is located in Lexington, Kentucky and that the administration building is located at 101 Main Building, which is within the geographic jurisdiction of the Court. Defendants deny the remaining allegations in numerical paragraph 26 and state the University is an agency of the Commonwealth of Kentucky.

27.   As to the allegations in numerical paragraph 27 of the Complaint, Defendants state the Board of Trustees was voluntarily dismissed by Plaintiff as a defendant in this action (D.E. 17), and therefore deny as stated the allegation that the Board of Trustees is a defendant. Defendants deny as stated the remaining allegations in numerical paragraph 27 of the Complaint.

28.   Defendants admit the allegations in numerical paragraph 28 of the Complaint.

29.   Defendants admit the allegations in numerical paragraph 29 of the Complaint.

30.   As to the allegations in numerical paragraph 30 of the Complaint, Defendants admit Defendants receive federal financial assistance. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity regarding what Plaintiff means by "benefits associated with such assistance" and therefore deny that allegation. Defendants deny any remaining allegations in numerical paragraph 30 of the Complaint.

31.   As to the allegations in numerical paragraph 31 of the Complaint, Defendants admit this lawsuit is styled as being on behalf of others similarly situated but deny this lawsuit is appropriately brought as a class action and deny class certification would be appropriate. Defendants further deny these allegations because there is only one named Plaintiff while the Complaint's use of the plural implies there are multiple named Plaintiffs. Defendants deny any remaining allegations in numerical paragraph 31 of the Complaint.

32.   Defendants deny the allegations in numerical paragraph 32 of the Complaint.

33.   Defendants deny the allegations in numerical paragraph 33 of the Complaint.

34.     As to the allegations in numerical paragraph 34 of the Complaint, Defendants admit there are more than 11,000 female students enrolled at the University. Defendants deny the remaining allegations in numerical paragraph 34 of the Complaint.

35.     Defendants deny the allegations in numerical paragraph 35 of the Complaint.

36.     As to the allegations in numerical paragraph 36 of the Complaint, Defendants admit Plaintiff seeks to represent the described proposed class, but denies such a class is appropriate. Defendants deny the remaining allegations in numerical paragraph 36 of the Complaint.

37.     Defendants deny the allegations in numerical paragraph 37 of the Complaint.

38.     As to the allegations in numerical paragraph 38 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiff are unknown and are not reasonably ascertainable. However, the proposed class as described by Plaintiff is inappropriate. Defendants deny the remaining allegations in numerical paragraph 38 of the Complaint.

39.     As to the allegations in numerical paragraph 39 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiff are unknown and are not reasonably ascertainable. However, the proposed class as described by Plaintiff is inappropriate. Defendants deny the remaining allegations in numerical paragraph 39 of the Complaint.

40.     As to the allegations in numerical paragraph 40 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiff are unknown and are not reasonably ascertainable. However, the proposed class as described by Plaintiff is

inappropriate. Defendants deny the remaining allegations in numerical paragraph 40 of the Complaint.

41.    As to the allegations in numerical paragraph 41 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiff are unknown and are not reasonably ascertainable. However, the proposed class as described by Plaintiff is inappropriate. Defendants deny the remaining allegations in numerical paragraph 41 of the Complaint.

42.    As to the allegations in numerical paragraph 42 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiff are unknown and are not reasonably ascertainable. However, the proposed class as described by Plaintiff is inappropriate. Defendants deny the remaining allegations in numerical paragraph 42 of the Complaint.

43.    Defendants deny the allegations in numerical paragraph 43 of the Complaint.

44.    Defendants deny the allegations in numerical paragraph 44 of the Complaint.

45.    Defendants deny the allegations in numerical paragraph 45 of the Complaint and deny there is more than one named Plaintiff.

46.    Defendants deny the allegations in numerical paragraph 46 of the Complaint and deny there is more than one named Plaintiff.

47.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 47 of the Complaint and therefore deny those allegations.

48.    Defendants deny the allegations in numerical paragraph 48 of the Complaint.

49.     As to the allegations in numerical paragraph 49 of the Complaint, Defendants state the referenced report speaks for itself and Defendants deny Plaintiff's characterization of that report. Defendants deny the remaining allegations in numerical paragraph 49 of the Complaint.

50.     Defendants deny as stated the allegations in numerical paragraph 50 of the Complaint.

51.     As to the allegations in numerical paragraph 51 of the Complaint, Defendants admit field hockey was eliminated as a varsity sport in 1976 when it was replaced with varsity women's volleyball and state that other women's varsity sports have been added since that time, including without limitation women's soccer in 1992 and softball in 1997. Defendants deny the remaining allegations in numerical paragraph 51 of the Complaint.

52.     Defendants deny the allegations in numerical paragraph 52 of the Complaint, including sub-paragraphs (a) through (e).

53.     As to the allegations in numerical paragraph 53 of the Complaint, Defendants admit the University maintains the varsity teams enumerated in numerical paragraph 53 but denies those teams are the only athletic participation opportunities the University offers.

54.     Defendants admit the allegations in numerical paragraph 54 of the Complaint.

55.     Defendants deny as stated the allegations in numerical paragraph 55 of the Complaint.

56.     Defendants deny as stated the allegations in numerical paragraph 56 of the Complaint.

57.     As to the allegations in numerical paragraph 57 of the Complaint, Defendants admit the University of Kentucky is a member of the NCAA and participates as a Division I school. Defendants admit the University provides athletic scholarships to some, but not all, of its varsity athletes in compliance with NCAA rules and regulations. Defendants further state

the University provides the maximum number of scholarships allowed under NCAA rules and regulations.

58. As to the allegations in numerical paragraph 58 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that a club lacrosse team was established in 1976. Defendants deny the club lacrosse team has continually existed since that time and state it was re-established in 2004.

59. Defendants deny as stated the allegations in numerical paragraph 59 of the Complaint.

60. Defendants admit, on information and belief, the allegations in numerical paragraph 60 of the Complaint.

61. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 61 of the Complaint and therefore deny those allegations.

62. As to the allegations in numerical paragraph 62 of the Complaint, Defendants admit members of the women's club lacrosse team met with Mitch Barnhart in 2004 regarding lacrosse. Defendants are without sufficient knowledge or information to form a belief as to what the subjective "hope" of the players who met with Mr. Barnhart was and therefore deny the remaining allegations in numerical paragraph 62 of the Complaint.

63. As to the allegations in numerical paragraph 63 of the Complaint, Defendants admit lacrosse was not made a varsity sport. Defendants deny as stated the remaining allegations in numerical paragraph 63 of the Complaint.

64. Defendants deny the allegations in numerical paragraph 64.

65.   As to the allegations in numerical paragraph 65 of the Complaint, Defendants admit lacrosse was not made a varsity sport but continued to be a club team. Defendants deny as stated the remaining allegations in numerical paragraph 65 of the Complaint.

66.   As to the allegations in numerical paragraph 66 of the Complaint, Defendants admit the addition of a women's varsity lacrosse team would permit up to 12 scholarship opportunities as limited by the NCAA. Defendants deny the remaining allegations in numerical paragraph 66 of the Complaint.

67.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 67 of the Complaint and therefore deny those allegations.

68.   Defendants admit the allegations in numerical paragraph 68 of the Complaint and admit that in 1976 varsity field hockey was replaced by women's volleyball.

69.   Defendants deny the allegations in numerical paragraph 69 of the Complaint.

70.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 70 of the Complaint and therefore deny those allegations.

71.   Defendants deny as stated the allegations in numerical paragraph 71 of the Complaint.

72.   As to the allegations in numerical paragraph 72 of the Complaint, Defendants admit the University was approached by the officers of the club field hockey team regarding the possibility of creating a varsity women's field hockey team, but deny Plaintiff was one of the individuals who approached the University. Defendants further state that there are insufficient number of club field hockey players who have the interest and ability to play NCAA Division I field hockey.

73.   As to the allegations in numerical paragraph 73 of the Complaint, Defendants admit women's field hockey has not been added as a varsity sport. Defendants deny as stated the remaining allegations in numerical paragraph 73 of the Complaint. Defendants further state that there are insufficient number of club field hockey players at the University who have the interest and ability to play NCAA Division I field hockey.

74.   As to the allegations in numerical paragraph 74, Defendants admit adding a varsity field hockey team would permit up to 15 scholarship opportunities as limited by the NCAA and that the average team size is 23 players. Defendants deny as stated the remaining allegations in numerical paragraph 74 of the Complaint.

75.   Defendants deny as stated the allegations in numerical paragraph 75 of the Complaint.

76.   As to the allegations in numerical paragraph 76 of the Complaint, Defendants admit the University has a club triathlon team. Defendants deny as stated the remaining allegations in numerical paragraph 76 of the Complaint. Defendants further state that there are insufficient number of club triathlon players at the University who have the interest and ability to play NCAA Division I triathlon.

77.   As to the allegations in numerical paragraph 77 of the Complaint, Defendants admit the COO of Triathlon USA made the University aware of a $150,000 grant generally available to schools that add triathlon as a varsity sport. Defendants further state that there are insufficient number of club triathlon players at the University who have the interest and ability to play NCAA Division I triathlon. Defendants deny as stated the remaining allegations in numerical paragraph 77 of the Complaint.

78.   As to the allegations in numerical paragraph 78 of the complaint, Defendants admit adding a varsity triathlon team would permit up to 605 scholarship opportunities as

limited by the NCAA and that the average team size is 12-13 players. Defendants further state that there are insufficient number of club triathlon players at the University who have the interest and ability to play NCAA Division I triathlon.

79.     As to the allegations in numerical paragraph 79 of the Complaint, Defendants admit adding a varsity equestrian team would permit up to 15 scholarship opportunities as limited by the NCAA. Defendants admit equestrian is currently a club sport at the University. Defendants further state that there are insufficient number of club equestrian players at the University who have the interest and ability to play NCAA Division I equestrian. Defendants deny the remaining allegations in numerical paragraph 79 of the Complaint.

80.     As to the allegations in numerical paragraph 80 of the Complaint, Defendants admit adding a varsity rowing team would permit up to 20 scholarship opportunities as limited by the NCAA. Defendants further state that there are insufficient number of women at the University who have the interest and ability to play NCAA Division I rowing. Defendants deny the remaining allegations in numerical paragraph 80 of the Complaint.

81.     As to the allegations in numerical paragraph 81 of the Complaint, Defendants admit adding a varsity fencing team would permit up to 5 scholarship opportunities as limited by the NCAA and that the average team size is 16. Defendants further state that there are insufficient number of women at the University who have the interest and ability to play NCAA Division I fencing. Defendants deny the remaining allegations in numerical paragraph 81 of the Complaint.

82.     Defendants admit the allegations in numerical paragraph 82 of the Complaint.

83.     Defendants admit the allegations in numerical paragraph 83 of the Complaint.

84.     Defendants deny as stated the allegations in numerical paragraph 84 of the Complaint.

85.     As to the allegations in numerical paragraph 85 of the Complaint, Defendants admit the University has or has had in the past student athletes from Germany, India, Jamaica, and Namibia, among others.  Defendants are without sufficient knowledge or information to form a belief as to what Plaintiff means by "recruits" in this context and therefore denies that allegation.

86.     Defendants deny as stated the allegations in numerical paragraph 86 of the Complaint.

87.     The allegations in numerical paragraph 87 do not require a response. To the extent a response is required Defendants adopt and incorporate their responses to numerical paragraphs 1-86 of the Complaint.

88.     As to the allegations in numerical paragraph 88 of the Complaint, Defendants admit Plaintiff has styled this action as being on behalf of others similarly situated, but deny any class has been certified, deny class certification is appropriate, and deny this action is properly brought as a class action.

89.     As to the allegations in numerical paragraph 89 of the Complaint, Defendants state the provisions of Title IX speak for themselves and Defendants deny Plaintiff's characterization of the statute. Defendants deny the remaining allegations in numerical paragraph 89 of the Complaint.

90.     As to the allegations in numerical paragraph 90 of the Complaint, Defendants admit the United States Department of Health, Education and Welfare adopted regulations regarding Title IX in 1975. Defendants state those regulations speak for themselves and Defendants deny Plaintiff's characterization of those regulations. Defendants deny the remaining allegations in numerical paragraph 90 of the Complaint.

91.    As to the allegations in numerical paragraph 91 of the Complaint, 34 C.F.R. 106.41(a) speaks for itself and Defendants deny Plaintiff's characterization of that regulation. Defendants deny any remaining allegations in numerical paragraph 91 of the Complaint.

92.    As to the allegations in numerical paragraph 92 of the Complaint, 34 C.F.R. 106.41(c) speaks for itself and Defendants deny Plaintiff's characterization of that regulation. Defendants admit the United States Department of Education's Office for Civil Rights issued a policy interpretation in 1979, which is published at 44 Fed. Reg. 71,413 *et seq.* Defendants state the 1979 Policy Interpretation speaks for itself and Defendants deny Plaintiff's characterization of the Policy Interpretation. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 92 of the Complaint.

93.    As to the allegations in numerical paragraph 93 of the Complaint, Defendants state 34 C.F.R. 106.41(c) and the 1979 Policy Interpretation speak for themselves and Defendants deny Plaintiff's characterization of those provisions. The Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 93 of the Complaint.

94.    As to the allegations in numerical paragraph 93 of the Complaint, Defendants state 34 C.F.R. 106.41(c) and the 1979 Policy Interpretation speak for themselves and Defendants deny Plaintiff's characterization of those provisions. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing

regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 94 of the Complaint.

95.    As to the allegations in numerical paragraph 95 of the Complaint, Defendants state the 1979 Policy Interpretation speaks for itself and Defendants deny Plaintiff's characterization of the 1979 Policy Interpretation. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 95 of the Complaint.

96.    As to the allegations in numerical paragraph 96 of the Complaint, Defendants state the referenced regulations, including 34 C.F.R. 106.3, speak for themselves and Defendants deny Plaintiffs characterization the Regulations. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 96 of the Complaint.

97.    As to the allegations in numerical paragraph 97 of the Complaint, Defendants admit the University of Kentucky believes that athletic opportunities provide educational benefits that should be—and are—supported by the University and state the University has provided those opportunities in compliance with Title IX and other applicable laws. Defendants deny the remaining allegations in numerical paragraph 97 of the Complaint.

98.    Defendants deny as stated the allegations in numerical paragraph 98 of the Complaint.

99.    Defendants deny the allegations in numerical paragraph 99 of the Complaint.

100.    Defendants deny the allegations in numerical paragraph 100 of the Complaint, including sub-paragraphs (1) through (3).

101.   As to the allegations in numerical paragraph 101 of the Complaint, Defendants state the referenced report provided to the federal government speaks for itself and Defendants deny Plaintiff's characterization of that report. Defendants deny the remaining allegations in numerical paragraph 101 of the Complaint.

102.   As to the allegations in numerical paragraph 102 of the Complaint, Defendants admit the University has not added any varsity sports in the past ten years. Defendants deny the remaining allegations in numerical paragraph 102 of the Complaint.

103.   As to the allegations numerical paragraph 103 of the Complaint, Defendants admit the University has offered club teams for lacrosse and field hockey for a number of years. The Defendants further state that there is insufficient interest and ability in lacrosse and field hockey at the University to field a team at the NCAA Division I level. Defendants deny as stated the remaining allegations in numerical paragraph 103 of the Complaint.

104.   As to the allegations in numerical paragraph 104 of the Complaint, Defendants admit the Complaint seeks a declaratory judgment, but deny Plaintiff is entitled to that relief and deny any violation of law. Defendants deny any remaining allegations in numerical paragraph 104 of the Complaint.

105.   Defendants deny the allegations in numerical paragraph 105 of the Complaint.

106.   The allegations in numerical paragraph 106 do not require a response. To the extent a response is required Defendants adopt and incorporate their responses to numerical paragraphs 1-105 of the Complaint.

107.   As to the allegations in numerical paragraph 107 of the Complaint, Defendants admit that Plaintiff filed this lawsuit as a purported class action, but deny class action status is

appropriate. Defendants deny any remaining allegations in numerical paragraph 107 of the Complaint.

108.    Defendants admit the allegations in numerical paragraph 108 of the Complaint.

109.    As to the allegations in numerical paragraph 109 of the Complaint, Defendants state the provisions of Title IX and 34 C.F.R. 106.37 speak for themselves and Defendants deny Plaintiff's characterization of those provisions. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny any remaining allegations in numerical paragraph 109 of the Complaint.

110.    Defendants deny the allegations in numerical paragraph 110 of the Complaint.

111.    Defendants deny the allegations in numerical paragraph 111 of the Complaint.

112.    The allegations in numerical paragraph 112 do not require a response. To the extent a response is required Defendants adopt and incorporate their responses to numerical paragraphs 1-111.

113.    As to the allegations in numerical paragraph 113 of the Complaint, Defendants admit that Plaintiff filed this lawsuit as a purported class action, but deny class action status is appropriate. Defendants deny any remaining allegations in numerical paragraph 113 of the Complaint.

114.    As to the allegations in numerical paragraph 114 of the Complaint, Defendants admit the University provides certain support to its varsity student athletes, including without limitation the items listed in numerical paragraph 114 of the Complaint.

115.    As to the allegations in numerical paragraph 115 of the Complaint, Defendants state the provisions of Title IX and the implementing regulations speak for themselves and

Defendants deny Plaintiff's characterization of those provisions. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny any remaining allegations in numerical paragraph 115 of the Complaint.

116.    Defendants deny the allegations in numerical paragraph 116 of the Complaint.

117.    Defendants deny the allegations in numerical paragraph 117 of the Complaint.

118.    Defendants deny the allegations in numerical paragraph 118 of the Complaint.

119.    Defendants deny the allegations in numerical paragraph 119, including sub-paragraphs (1) through (12).

120.    Defendants deny the allegations in numerical paragraph 120 of the Complaint.

121.    The allegations in numerical paragraph 121 do not require a response. To the extent a response is required Defendants adopt and incorporate their responses to numerical paragraphs 1-120 of the Complaint.

122.    As to the allegations in numerical paragraph 122 of the Complaint, Defendants state Due Process Clause of the Fourteenth Amendment speaks for itself and Defendants deny Plaintiff's characterization of those provisions. Defendants deny any remaining allegations in numerical paragraph 122 of the Complaint.

123.    As to the allegations in numerical paragraph 123 of the Complaint, Defendants 42 U.S.C. § 1983 speaks for itself and Defendants deny Plaintiff's characterization of that statute. The Defendants further state that 42 U.S.C. § 1983 may be used to enforce those Title IX implementing regulations which are inconsistent with the statute or any policy interpretations and guidance documents issued by the U.S. Department of Education. Defendants deny any remaining allegations in numerical paragraph 123 of the Complaint

124.    Defendants deny the allegations in numerical paragraph 124 of the Complaint.

125.    Defendants deny the allegations in numerical paragraph 125 of the Complaint.

126.    The allegations in numerical paragraph 126 of the Complaint state a legal conclusion and Defendants therefore deny those allegations.

127.    Defendants deny the allegations in numerical paragraph 127 of the Complaint.

128.    Defendants deny the allegations in numerical paragraph 128 of the Complaint.

129.    As to the allegations in numerical paragraph 129 of the Complaint, Defendants admit the Complaint seeks injunctive relief, but deny Plaintiff is entitled to that relief and deny any violation of law. Defendants deny any remaining allegations in numerical paragraph 129 of the Complaint.

130.    Defendants deny the allegations in numerical paragraph 130 of the Complaint.

131.    Defendants deny the allegations in numerical paragraph 131 of the Complaint.

132.    Defendants deny the allegations in numerical paragraph 132 of the Complaint.

133.    Defendants deny the allegations in numerical paragraph 133 of the Complaint.

134.    Defendants deny the allegations in numerical paragraph 134 of the Complaint.

135.    Defendants deny the allegations in numerical paragraph 135 of the Complaint and deny Plaintiff is entitled to any relief.

136.    Plaintiff's prayer for relief does not require a factual response. To the extent a response is required, Defendants deny the allegations in Plaintiff's prayer for relief, including sub-paragraphs (A) through (G) and deny Plaintiff is entitled to any relief from Defendants.

137.    Defendants deny any and all allegations in the Complaint not specifically admitted in this Answer.

## THIRD DEFENSE

The University fully and effectively accommodates the interests and abilities of its female students, which bars Plaintiffs' claims in full or in part.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by Defendants' sovereign, governmental, official, and qualified immunity.

## FIFTH DEFENSE

Defendants' actions were at all relevant times in accordance with applicable law, statutes, ordinances, regulations, and the United States and Kentucky Constitutions, which bars Plaintiff's claims in whole or in part.

## SIXTH DEFENSE

Plaintiff's claims are not appropriate for class certification and Plaintiff is not an appropriate class representative under Fed. R. Civ. P. 23, which bars Plaintiff's purported class action claims.

## SEVENTH DEFENSE

Under *Kisor v. Wilke*, 139 S. Ct. 2400 (2019), deference to the Department of Education's interpretation of the 1975 regulations and the Department's subsequent reinterpretations of its 1979 interpretation is not appropriate, which bars Plaintiff's claims in whole or in part.

## EIGHTH DEFENSE

The implied private right of action under Title IX provides a only a private right of action to enforce the statute; it does not extend to a private right of action to enforce the Department of

Education's 1979 interpretation of the 1975 regulations or its subsequent reinterpretations of those regulations, which bars Plaintiff's claims in whole or in part.

## NINTH DEFENSE

Plaintiff, members of the proposed class, or both, lack standing, which bars Plaintiffs claims in whole or in part and bars Plaintiff's class action claims.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## ELEVENTH DEFENSE

At all times relevant, the actions of Defendants were reasonable, proper, legal, without wrongful intent and without malice which bars any claim for punitive damages.

## TWELFTH DEFENSE

To the extent not otherwise pleaded in this Answer, Defendants plead the affirmative defenses in Fed. R. Civ. P. 8(c) and reserve the right to raise any additional affirmative defenses that become known in the course of discovery.

WHEREFORE, Defendants respectfully request a declaration that the University's athletic program complies with Title IX, that judgment be entered in their favor, and that the Plaintiff's Complaint be dismissed and that she take nothing thereby. Defendants further request their costs and expenses, including attorney's fees, herein expended in this matter, for a trial by jury, and for any and all other relief to which they may appear to be entitled.

Respectfully submitted,

STURGILL, TURNER, BARKER & MOLONEY, PLLC

/s/ *Bryan H. Beauman*
Bryan H. Beauman
Donald C. Morgan
333 W. Vine Street, Suite 1500
Lexington, KY 40507
Telephone: (859) 255-8581
bbeauman@sturgillturner.com
dmorgan@sturgillturner.com

&

William E. Thro
General Counsel
University of Kentucky
301 Main Building
Lexington, Kentucky 40506
Telephone: (859) 257-2936
William.Thro@uky.edu
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020 the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF eFiling system, which will send a notice of electronic filing to all counsel of record:

/s/ *Bryan H. Beauman*
COUNSEL FOR DEFENDANTS

01383626.docx