UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:19-CV-00394-KKC
*-electronically filed-*

ELIZABETH NIBLOCK and ALA HASSAN, Individually
and on behalf of all those similarly situated                    PLAINTIFFS

v.                **ANSWER TO THIRD AMENDED COMPLAINT**

UNIVERSITY OF KENTUCKY, MITCH
BARNHART and ELI CAPILOUTO                                       DEFENDANTS

***** ***** *****

Defendants University of Kentucky, Mitch Barnhart in his official capacity, and Eli Capilouto in his official capacity, through counsel, file this Answer to Plaintiffs' Third Amended Complaint (D.E. 72) ("Complaint").

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety, with prejudice. In addition, Defendants adopt and incorporate by reference the arguments and defenses set forth in their Motion to Dismiss (D.E. 11) and the partial dismissal of and limitations on Plaintiffs' claims set forth in the Court's November 30, 2020, Order on Defendants' motion to dismiss (D.E. 25). This includes without limitation the Court's dismissal of Plaintiffs' Equal Protection claim under 42 U.S.C. § 1983 against the University, dismissal of Plaintiffs' claims for money damages against all Defendants under 42 U.S.C. § 1983, as well as the Court's limited interpretation of Plaintiffs' Counts II and III concerning allocation of financial assistance and benefits. Defendants also adopt and incorporate by reference the arguments in their response to Plaintiffs' Amended Motion to Certify Class as a defense to the allegations in the Third Amended Complaint.

### SECOND DEFENSE

With respect to the specific allegations in the Complaint, Defendants state as follows[1]:

1.      Defendants deny the allegations in numerical paragraph 1 of the Complaint.

2.      Defendants deny the allegations in numerical paragraph 2 of the Complaint.

3.      Defendants deny the allegations in numerical paragraph 3 of the Complaint.

4.      Defendants deny the allegations in numerical paragraph 4 of the Complaint.

5.      As to the allegations in numerical paragraph 5 of the Complaint, Defendants admit Elizabeth Niblock and Ala Hassan are the named Plaintiffs in this lawsuit and that the named Defendants are the University of Kentucky, Athletic Director Mitch Barnhart in his official capacity, and Eli Capilouto in his official capacity. Defendants also deny class action status is appropriate and deny the remaining allegations in numerical paragraph 5 of the Complaint.

6.      Defendants deny the allegations in numerical paragraph 6 of the Complaint.

7.      As to the allegations in numerical paragraph 7 of the Complaint, Defendants state 20 U.S.C. § 1681 and any implementing regulations are clear and unambiguous and Defendants deny Plaintiffs' characterizations of the statute and implementing regulations. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference.  Defendants deny any remaining allegations in numerical paragraph 7 of the Complaint.

8.      Defendants deny the allegations in numerical paragraph 8 of the Complaint.

9.      Defendants deny the allegations in numerical paragraph 9 of the Complaint.

---

[1] Unless otherwise stated, the numerical paragraphs in this section of the Answer correspond to the numerical paragraphs in the Complaint. The narrative "introduction" to Plaintiffs' Third Amended Complaint does not require a factual response. To the extent a response is required Defendants deny the allegations in the "introduction" to Plaintiffs' Third Amended Complaint.

10.   As to the allegations in numerical paragraph 10, Defendants admit Plaintiffs are seeking the relief described in those allegations, but denies Plaintiffs are entitled to that relief, or any other relief, from Defendants. Defendants deny any remaining allegations in numerical paragraph 10 of the Complaint.

11.   As to the allegations in numerical paragraph 11 of the Complaint, Defendants admit Plaintiffs have asserted claims under Title IX (20 U.S.C. §§ 1681 *et seq.*) and the implementing regulations applicable to the intercollegiate athletics.  Defendants also admit that, under current law, intercollegiate athletics at the NCAA Division I level is an "educational program or activity" for purposes of Title IX.  Defendants also admit that Plaintiffs have asserted a 42 U.S.C. § 1983 claim for violation of the of the Equal Protection Clause of the Fourteenth Amendment, but deny those claims have merit and deny any violation of law or the United States Constitution.

12.   Defendants generally admit the allegations in numerical paragraph 12 of the Complaint, but only to the extent Plaintiffs' claims are not barred by sovereign immunity, in which case and to which extent the allegations of numerical paragraph 12 of the Complaint are denied.

13.   Defendants generally admit the allegations in numerical paragraph 13 of the Complaint, but only to the extent sovereign immunity, as confirmed by the Eleventh Amendment,  does not bar Plaintiffs' claims. To the extent the claims are barred by sovereign immunity, the allegations of numerical paragraph 13 of the Complaint are denied.

14.   Defendants generally admit the allegations in numerical paragraph 14 of the Complaint, but only to the extent sovereign immunity, as confirmed by the Eleventh Amendment,  does

not bar Plaintiffs' claims. To the extent the claims are barred by sovereign immunity, the allegations of numerical paragraph 14 of the Complaint are denied.

15. As to the allegations in numerical paragraph 15 of the Complaint, Defendants admit Plaintiff Niblock is a former student at the University and Plaintiff Hassan is a current student at the University. Defendants deny that either Plaintiff has the interest and ability to play a Division I sport at a Power Five Conference institution. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in numerical paragraph 15 of the Complaint and therefore deny those allegations.

16. As to the allegations in numerical paragraph 16 of the Complaint, Defendants admit Plaintiff Elizabeth Niblock enrolled at the University of Kentucky in 2017 as a transfer student from another institution. Defendants deny that Plaintiff Niblock has the interest and ability to play a Division I sport at a Power Five Conference institution. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in numerical paragraph 16 of the Complaint and therefore deny those allegations.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 17 of the Complaint and therefore deny those allegations.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 18 of the Complaint and therefore deny those allegations.

19.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 19 of the Complaint and therefore deny those allegations.

20.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 20 of the Complaint and therefore deny those allegations and state that despite her alleged interest in lacrosse, Plaintiff Niblock never participated on the University's club lacrosse team.

21.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 21 of the Complaint and therefore deny those allegations.

22.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 22 of the Complaint and therefore deny those allegations and state that despite her alleged interest, Plaintiff Niblock has not participated on the University's club field hockey team.

23.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 23 of the Complaint and therefore deny those allegations.

24.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 24 of the Complaint and therefore deny those allegations.

25.   As to the allegations in numerical paragraph 25 of the Complaint, Defendants admit Plaintiff Niblock graduated from the University in July 2021. Defendants are without sufficient information to form a belief as to the truth or falsity of whether Niblock has

remaining eligibility to play Division 1 college sports if she were to pursue additional academic opportunities at the University. Defendants deny that Niblock has applied to the University to become a student again. Defendants deny any remaining allegations in numerical paragraph 25 of the Complaint.

26. Defendants admit the allegations in numerical paragraph 26 of the Complaint.

27. Defendants admit the allegations in numerical paragraph 27 of the Complaint.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 28 of the Complaint and therefore deny those allegations.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 29 of the Complaint and therefore deny those allegations.

30. Defendants admit, on information an belief, the allegations in numerical paragraph 30 of the Complaint.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 31 of the Complaint and therefore deny those allegations.

32. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 32 of the Complaint and therefore deny those allegations. Defendants deny that Plaintiff Hassan has the requisite ability to play NCAA Division 1 lacrosse.

33. Defendants admit the allegations in numerical paragraph 33 of the Complaint.

34.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 34 of the Complaint and therefore deny those allegations.

35.  As to the allegations in numerical paragraph 35 of the Complaint, Defendants admit the University of Kentucky is located in Lexington, Kentucky and that the Office of the President is located at 101 Main Building, which is within the geographic jurisdiction of the Court. Defendants deny the remaining allegations in numerical paragraph 35 and state the University is an agency of the Commonwealth of Kentucky.

36.  Defendants admit the allegations in numerical paragraph 36 of the Complaint.

37.  Defendants admit the allegations in numerical paragraph 37 of the Complaint.

38.  As to the allegations in numerical paragraph 38 of the Complaint, Defendants admit Defendants receive federal financial assistance. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity regarding what Plaintiffs mean by "benefits associated with such assistance" and therefore deny that allegation. Defendants deny any remaining allegations in numerical paragraph 39 of the Complaint.

39.  As to the allegations in numerical paragraph 39 of the Complaint, Defendants admit this lawsuit is styled as being on behalf of others similarly situated but deny this lawsuit is appropriately brought as a class action and deny class certification would be appropriate. Defendants deny any remaining allegations in numerical paragraph 39 of the Complaint.

40.  Defendants deny the allegations in numerical paragraph 40 of the Complaint.

41.  Defendants deny the allegations in numerical paragraph 41 of the Complaint.

42.  As to the allegations in numerical paragraph 42 of the Complaint, Defendants admit there are more than 11,000 female students enrolled at the University. Defendants deny the remaining allegations in numerical paragraph 42 of the Complaint.

43.  Defendants deny the allegations in numerical paragraph 43 of the Complaint.

44.  As to the allegations in numerical paragraph 44 of the Complaint, Defendants admit Plaintiffs seek to represent the described proposed class but deny such a class is appropriate. Defendants deny the remaining allegations in numerical paragraph 44 of the Complaint.

45.  Defendants deny the allegations in numerical paragraph 45 of the Complaint.

46.  As to the allegations in numerical paragraph 46 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiffs are unknown and are not reasonably ascertainable. However, for the reasons described in the Defendants' Response to Plaintiffs' Amended Motion to Certify Class, which the Defendants fully incorporate, the proposed class as described by Plaintiffs is inappropriate. Defendants deny the remaining allegations in numerical paragraph 46 of the Complaint.

47.  As to the allegations in numerical paragraph 47 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiffs are unknown and are not reasonably ascertainable. However, for the reasons described in the Defendants' Response to Plaintiffs' Amended Motion to Certify Class, which the Defendants fully incorporate, the proposed class as described by Plaintiffs is inappropriate. Defendants deny the remaining allegations in numerical paragraph 47 of the Complaint.

48.  As to the allegations in numerical paragraph 48 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiffs are unknown and are not

reasonably ascertainable. However, for the reasons described in the Defendants' Response to Plaintiffs' Amended Motion to Certify Class, which the Defendants fully incorporate, the proposed class as described by Plaintiffs is inappropriate. Defendants deny the remaining allegations in numerical paragraph 48 of the Complaint.

49. As to the allegations in numerical paragraph 49 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiffs are unknown and are not reasonably ascertainable. However, for the reasons described in the Defendants' Response to Plaintiffs' Amended Motion to Certify Class, which the Defendants fully incorporate, the proposed class as described by Plaintiffs is inappropriate. Defendants deny the remaining allegations in numerical paragraph 49 of the Complaint.

50. As to the allegations in numerical paragraph 50 of the Complaint, Defendants admit the members of the proposed class as described by Plaintiffs are unknown and are not reasonably ascertainable. However, for the reasons described in the Defendants' Response to Plaintiffs' Amended Motion to Certify Class, which the Defendants fully incorporate, the proposed class as described by Plaintiffs is inappropriate. Defendants deny the remaining allegations in numerical paragraph 50 of the Complaint.

51. Defendants deny the allegations in numerical paragraph 51 of the Complaint.

52. Defendants deny the allegations in numerical paragraph 52 of the Complaint.

53. Defendants deny the allegations in numerical paragraph 53 of the Complaint.

54. Defendants deny the allegations in numerical paragraph 54 of the Complaint.

55. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 55 of the Complaint and therefore deny those allegations.

56.   The allegations in numerical paragraph 56 of the Complaint state a legal conclusion and Defendants therefore deny the allegations in numerical paragraph 56 of the Complaint.

57.   As to the allegations in numerical paragraph 57 of the Complaint, Defendants state the referenced report speaks for itself and Defendants deny Plaintiffs' characterization of that report. Defendants deny the remaining allegations in numerical paragraph 57 of the Complaint.

58.   Defendants deny as stated the allegations in numerical paragraph 58 of the Complaint.

59.   As to the allegations in numerical paragraph 59 of the Complaint, Defendants admit field hockey was eliminated as a varsity sport in 1976 and state that other women's varsity sports have been added since that time, including without limitation women's soccer in 1992 and softball in 1997. Defendants further state that field hockey was never an NCAA sport at the University of Kentucky. Defendants deny the remaining allegations in numerical paragraph 59 of the Complaint.

60.   Defendants deny the allegations in numerical paragraph 60 of the Complaint, including sub-paragraphs (a) through (e).

61.   As to the allegations in numerical paragraph 61 of the Complaint, Defendants admit the University maintains the varsity teams enumerated in numerical paragraph 61 but deny those teams are the only athletic participation opportunities the University offers.

62.   Defendants admit the allegations in numerical paragraph 62 of the Complaint.

63.   Defendants deny as stated the allegations in numerical paragraph 63 of the Complaint.

64.   Defendants deny as stated the allegations in numerical paragraph 64 of the Complaint.

65.   As to the allegations in numerical paragraph 65 of the Complaint, Defendants admit the University of Kentucky is a member of the NCAA and participates as a Division I school.

Defendants admit the University provides athletic scholarships to some, but not all, of its varsity athletes in compliance with NCAA rules and regulations. Defendants further state the University provides the maximum number of scholarship slots allowed under NCAA rules and regulations.

66.   As to the allegations in numerical paragraph 66 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that a club lacrosse team was established in 1976. Defendants deny the club lacrosse team has continually existed since that time and state it was re-established in 2004.

67.   Defendants deny as stated the allegations in numerical paragraph 67 of the Complaint.

68.   Defendants admit, on information and belief, the allegations in numerical paragraph 68 of the Complaint.

69.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 69 of the Complaint and therefore deny those allegations.

70.   As to the allegations in numerical paragraph 70 of the Complaint, Defendants admit members of the women's club lacrosse team met with Mitch Barnhart in 2004 regarding lacrosse. Defendants are without sufficient knowledge or information to form a belief as to what the subjective "hope" of the players who met with Mr. Barnhart was and therefore deny the remaining allegations in numerical paragraph 70 of the Complaint.

71.   As to the allegations in numerical paragraph 71 of the Complaint, Defendants admit lacrosse was not made a varsity sport. Defendants deny as stated the remaining allegations in numerical paragraph 71 of the Complaint.

72.   Defendants deny as stated the allegations in numerical paragraph 72.

73.   As to the allegations in numerical paragraph 73 of the Complaint, Defendants admit lacrosse was not made a varsity sport but continued to be a club team. Defendants deny as stated the remaining allegations in numerical paragraph 73 of the Complaint.

74.   As to the allegations in numerical paragraph 74 of the Complaint, Defendants admit the addition of a women's varsity lacrosse team would permit up to 12 scholarship opportunities as limited by the NCAA. Defendants deny the remaining allegations in numerical paragraph 74 of the Complaint.

75.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 75 of the Complaint and therefore deny those allegations.

76.   As to the allegations in numerical paragraph 76 of the Complaint, Defendants admit that the field hockey team ceased to be a varsity program in 1976 and state that field hockey was never an NCAA sport at the University.

77.   Defendants deny the allegations in numerical paragraph 77 of the Complaint.

78.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in numerical paragraph 78 of the Complaint and therefore deny those allegations.

79.   Defendants deny as stated the allegations in numerical paragraph 79 of the Complaint.

80.   As to the allegations in numerical paragraph 80 of the Complaint, Defendants admit the University was approached by the officers of the club field hockey team regarding the possibility of creating a varsity women's field hockey team but deny either of the plaintiffs in this action was one of the individuals who approached the University. Defendants further

state that there are insufficient number of club field hockey players who have the interest and ability to play NCAA Division I field hockey.

81. As to the allegations in numerical paragraph 81 of the Complaint, Defendants admit women's field hockey has not been added as a varsity sport. Defendants deny as stated the remaining allegations in numerical paragraph 81 of the Complaint. Defendants further state that there are insufficient number of club field hockey players at the University who have the interest and ability to play NCAA Division I field hockey.

82. As to the allegations in numerical paragraph 82, Defendants admit adding a varsity field hockey team would permit up to 15 scholarship opportunities as limited by the NCAA and that the average team size is 23 players. Defendants deny as stated the remaining allegations in numerical paragraph 82 of the Complaint.

83. Defendants deny as stated the allegations in numerical paragraph 83 of the Complaint.

84. As to the allegations in numerical paragraph 84 of the Complaint, Defendants admit the University has a club triathlon team. Defendants deny as stated the remaining allegations in numerical paragraph 84 of the Complaint. Defendants further state that there are insufficient number of club triathlon players at the University who have the interest and ability to play NCAA Division I triathlon.

85. As to the allegations in numerical paragraph 85 of the Complaint, Defendants admit the COO of Triathlon USA made the University aware of a $150,000 grant generally available to schools that add triathlon as a varsity sport. Defendants further state that there are insufficient number of club triathlon players at the University who have the interest and ability to play NCAA Division I triathlon. Defendants deny as stated the remaining allegations in numerical paragraph 85 of the Complaint.

86.   As to the allegations in numerical paragraph 86 of the complaint, Defendants admit adding a varsity triathlon team would permit up to 6.5 scholarship opportunities as limited by the NCAA and that the average team size is 12-13 players. Defendants further state that there are insufficient number of club triathlon players at the University who have the interest and ability to play NCAA Division I triathlon.

87.   As to the allegations in numerical paragraph 87 of the Complaint, Defendants admit adding a varsity equestrian team would permit up to 15 scholarship opportunities as limited by the NCAA. Defendants admit equestrian is currently a club sport at the University. Defendants further state that there are insufficient number of club equestrian players at the University who have the interest and ability to play NCAA Division I equestrian. Defendants deny the remaining allegations in numerical paragraph 87 of the Complaint.

88.   As to the allegations in numerical paragraph 88 of the Complaint, Defendants admit adding a varsity rowing team would permit up to 20 scholarship opportunities as limited by the NCAA. Defendants further state that there are insufficient number of women at the University who have the interest and ability to play NCAA Division 1 rowing and that there is not a sufficient body of water within a reasonable distance of the University's campus to make adding a rowing team feasible. Defendants deny the remaining allegations in numerical paragraph 88 of the Complaint.

89.   As to the allegations in numerical paragraph 89 of the Complaint, Defendants admit adding a varsity fencing team would permit up to 5 scholarship opportunities as limited by the NCAA and that the average team size is 16. Defendants further state that there are insufficient number of women at the University who have the interest and ability to play

NCAA Division I fencing. Defendants deny the remaining allegations in numerical paragraph 89 of the Complaint.

90.     Defendants admit the allegations in numerical paragraph 90 of the Complaint.

91.     Defendants admit the allegations in numerical paragraph 91 of the Complaint.

92.     Defendants deny as stated the allegations in numerical paragraph 92 of the Complaint.

93.     As to the allegations in numerical paragraph 93 of the Complaint, Defendants admit the University has or has had in the past student athletes from Germany, India, Jamaica, and Namibia, among others.  Defendants are without sufficient knowledge or information to form a belief as to what Plaintiffs mean by "recruits" in this context and therefore denies that allegation.

94.     Defendants deny as stated the allegations in numerical paragraph 94 of the Complaint.

95.     The allegations in numerical paragraph 95 of the Complaint do not require a response. To the extent a response is required Defendants adopt and incorporate their responses to numerical paragraphs 1-95 of the Complaint.

96.     As to the allegations in numerical paragraph 96 of the Complaint, Defendants admit Plaintiffs have styled this action as being on behalf of others similarly situated, but deny any class has been certified, deny class certification is appropriate, and deny this action is properly brought as a class action.

97.     As to the allegations in numerical paragraph 97 of the Complaint, Defendants state the provisions of Title IX speak for themselves and Defendants deny Plaintiffs' characterization of the statute. Defendants deny the remaining allegations in numerical paragraph 97 of the Complaint.

98.     As to the allegations in numerical paragraph 98 of the Complaint, Defendants admit the United States Department of Health, Education and Welfare adopted regulations regarding Title IX in 1975. Defendants state those regulations speak for themselves and Defendants deny Plaintiffs' characterization of those regulations. Defendants deny the remaining allegations in numerical paragraph 98 of the Complaint.

99.     As to the allegations in numerical paragraph 99 of the Complaint, 34 C.F.R. 106.41(a) speaks for itself and Defendants deny Plaintiffs' characterization of that regulation. Defendants deny any remaining allegations in numerical paragraph 99 of the Complaint.

100.    As to the allegations in numerical paragraph 100 of the Complaint, 34 C.F.R. 106.41(c) speaks for itself and Defendants deny Plaintiffs' characterization of that regulation. Defendants admit the United States Department of Education's Office for Civil Rights issued a policy interpretation in 1979, which is published at 44 Fed. Reg. 71,413 *et seq.* Defendants state the 1979 Policy Interpretation speaks for itself and Defendants deny Plaintiffs' characterization of the Policy Interpretation. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 100 of the Complaint.

101.    As to the allegations in numerical paragraph 101 of the Complaint, Defendants state 34 C.F.R. 106.41(c) and the 1979 Policy Interpretation speak for themselves and Defendants deny Plaintiffs' characterization of those provisions. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 101 of the Complaint.

102.   As to the allegations in numerical paragraph 102 of the Complaint, Defendants state 34 C.F.R. 106.41(c) and the 1979 Policy Interpretation speak for themselves and Defendants deny Plaintiffs' characterization of those provisions. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference.   Defendants deny the remaining allegations in numerical paragraph 102 of the Complaint.

103.   As to the allegations in numerical paragraph 103 of the Complaint, Defendants state the 1979 Policy Interpretation speaks for itself and Defendants deny Plaintiffs' characterization of the 1979 Policy Interpretation. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 103 of the Complaint.

104.   As to the allegations in numerical paragraph 104 of the Complaint, Defendants state the referenced regulations, including 34 C.F.R. 106.3, speak for themselves and Defendants deny Plaintiffs' characterization the Regulations. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny the remaining allegations in numerical paragraph 104 of the Complaint.

105.   As to the allegations in numerical paragraph 105 of the Complaint, Defendants admit the University of Kentucky believes that athletic opportunities provide educational benefits that should be—and are—supported by the University and state the University has provided those opportunities in compliance with Title IX and other applicable laws. Defendants deny the remaining allegations in numerical paragraph 105 of the Complaint.

106.   Defendants deny as stated the allegations in numerical paragraph 106 of the Complaint.

107.   Defendants deny the allegations in numerical paragraph 107 of the Complaint.

108.   Defendants deny the allegations in numerical paragraph 108 of the Complaint, including sub-paragraphs (1) through (3).

109.   As to the allegations in numerical paragraph 109 of the Complaint, Defendants state the referenced report provided to the federal government speaks for itself and Defendants deny Plaintiffs' characterization of that report. Defendants deny the remaining allegations in numerical paragraph 109 of the Complaint.

110.   As to the allegations in numerical paragraph 110 of the Complaint, Defendants admit the University has not added any varsity sports in the ten years preceding the filing of this lawsuit. However, Defendants state that since the filing of this lawsuit, the University has made the decision to add a varsity team in the sport of Stunt; a sport that previously had a club team at the University. Defendants deny the remaining allegations in numerical paragraph 110 of the Complaint.

111.   As to the allegations numerical paragraph 111 of the Complaint, Defendants admit the University has offered club teams for lacrosse and field hockey for a number of years. Defendants further state that there is insufficient interest and ability in lacrosse and field hockey at the University to field a team at the NCAA Division I level. Defendants deny as stated the remaining allegations in numerical paragraph 111 of the Complaint.

112.   As to the allegations in numerical paragraph 112 of the Complaint, Defendants admit the Complaint seeks a declaratory judgment, but deny Plaintiffs are entitled to that relief and deny any violation of law. Defendants deny any remaining allegations in numerical paragraph 112 of the Complaint.

113.    Defendants deny the allegations in numerical paragraph 113 of the Complaint.

114.    The allegations in numerical paragraph 114 do not require a response. To the extent a response is required Defendants adopt and incorporate their responses to numerical paragraphs 1-113 of the Complaint.

115.    As to the allegations in numerical paragraph 115 of the Complaint, Defendants admit that Plaintiffs bring this lawsuit as a purported class action but deny class action status is appropriate. Defendants deny any remaining allegations in numerical paragraph 115 of the Complaint.

116.    Defendants admit the allegations in numerical paragraph 116 of the Complaint.

117.    As to the allegations in numerical paragraph 117 of the Complaint, Defendants state the provisions of Title IX and 34 C.F.R. 106.37 speak for themselves and Defendants deny Plaintiffs' characterization of those provisions. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny any remaining allegations in numerical paragraph 117 of the Complaint.

118.    Defendants deny the allegations in numerical paragraph 118 of the Complaint.

119.    Defendants deny the allegations in numerical paragraph 119 of the Complaint.

120.    The allegations in numerical paragraph 120 of the Complaint do not require a response. To the extent a response is required Defendants adopt and incorporate their responses to numerical paragraphs 1-119 of the Complaint.

121.    As to the allegations in numerical paragraph 121 of the Complaint, Defendants admit that Plaintiffs bring this lawsuit as a purported class action but deny class action status is

appropriate. Defendants deny any remaining allegations in numerical paragraph 121 of the Complaint.

122. As to the allegations in numerical paragraph 122 of the Complaint, Defendants admit the University provides certain support to its varsity student athletes, including without limitation the items listed in numerical paragraph 122 of the Complaint.

123. As to the allegations in numerical paragraph 123 of the Complaint, Defendants state the provisions of Title IX and the implementing regulations speak for themselves and Defendants deny Plaintiffs' characterization of those provisions. Defendants deny that the Department of Education's guidance documents interpreting the Title IX implementing regulations are entitled to any deference. Defendants deny any remaining allegations in numerical paragraph 123 of the Complaint.

124. Defendants deny the allegations in numerical paragraph 124 of the Complaint.

125. Defendants deny the allegations in numerical paragraph 125 of the Complaint.

126. Defendants deny the allegations in numerical paragraph 126 of the Complaint.

127. Defendants deny the allegations in numerical paragraph 127, including sub-paragraphs (1) through (12).

128. Defendants deny the allegations in numerical paragraph 128 of the Complaint.

129. The allegations in numerical paragraph 129 do not require a response. To the extent a response is required Defendants adopt and incorporate their responses to numerical paragraphs 1-128 of the Complaint.

130. As to the allegations in numerical paragraph 130 of the Complaint, Defendants state the Due Process Clause of the Fourteenth Amendment speaks for itself and Defendants deny

Plaintiffs' characterization of those provisions. Defendants deny any remaining allegations in numerical paragraph 130 of the Complaint.

131. As to the allegations in numerical paragraph 131 of the Complaint, Defendants 42 U.S.C. § 1983 speaks for itself and Defendants deny Plaintiffs' characterization of that statute. The Defendants further state that 42 U.S.C. § 1983 may be used to enforce those Title IX implementing regulations which are inconsistent with the statute or any policy interpretations and guidance documents issued by the U.S. Department of Education. Defendants deny any remaining allegations in numerical paragraph 131 of the Complaint.

132. Defendants deny the allegations in numerical paragraph 132 of the Complaint.

133. Defendants deny the allegations in numerical paragraph 133 of the Complaint.

134. The allegations in numerical paragraph 134 of the Complaint state a legal conclusion and Defendants therefore deny those allegations.

135. Defendants deny the allegations in numerical paragraph 135 of the Complaint.

136. Defendants deny the allegations in numerical paragraph 136 of the Complaint.

137. As to the allegations in numerical paragraph 137 of the Complaint, Defendants admit the Complaint seeks injunctive relief, but deny Plaintiffs are entitled to that relief and deny any violation of law. Defendants deny any remaining allegations in numerical paragraph 137 of the Complaint.

138. Defendants deny the allegations in numerical paragraph 138 of the Complaint.

139. Defendants deny the allegations in numerical paragraph 139 of the Complaint.

140. Defendants deny the allegations in numerical paragraph 140 of the Complaint.

141. Defendants deny the allegations in numerical paragraph 141 of the Complaint.

142. Defendants deny the allegations in numerical paragraph 142 of the Complaint.

143.   Defendants deny the allegations in numerical paragraph 143 of the Complaint and deny Plaintiffs are entitled to any relief.

144.   Plaintiffs' prayer for relief does not require a factual response. To the extent a response is required, Defendants deny the allegations in Plaintiffs' prayer for relief, including sub-paragraphs (A) through (G) and deny Plaintiffs are entitled to any relief from Defendants. In addition, Plaintiffs seek class certification under Rule 23(b)(2), which applies only to actions involving primarily injunctive relief. As a result, Defendants deny Plaintiffs' reference to individualized compensatory damages in their Complaint is appropriate.

145.   Defendants deny any and all allegations in the Complaint not specifically admitted in this Answer.

### THIRD DEFENSE

The University fully and effectively accommodates the interests and abilities of its female students, which bars Plaintiffs' claims in full or in part.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Defendants' sovereign or qualified immunity.

### FIFTH DEFENSE

Defendants' actions were at all relevant times in accordance with applicable law, statutes, ordinances, regulations, and the United States and Kentucky Constitutions, which bars Plaintiffs' claims in whole or in part.

### SIXTH DEFENSE

Plaintiffs' claims are not appropriate for class certification and Plaintiffs are not appropriate class representatives under Fed. R. Civ. P. 23, which bars Plaintiffs' purported class

action claims. Defendants also adopt and incorporate by reference the arguments in their response to Plaintiffs' Amended Motion to Certify Class.

## <u>SEVENTH DEFENSE</u>

Under *Kisor v. Wilke*, 139 S. Ct. 2400 (2019), deference to the Department of Education's interpretation of the 1975 regulations and the Department's subsequent reinterpretations of its 1979 interpretation is not appropriate, which bars Plaintiffs' claims in whole or in part.

## <u>EIGHTH DEFENSE</u>

The implied private right of action under Title IX provides a only a private right of action to enforce the statute and regulations which are consistent with the statute.  The implied private right of actions does not extend to a private right of action to enforce the Department of Education's 1979 interpretation of the 1975 regulations or its subsequent reinterpretations of those regulations, which bars Plaintiffs' claims in whole or in part.

## <u>NINTH DEFENSE</u>

Plaintiffs, members of the proposed class, or both, lack standing, which bars Plaintiffs' claims in whole or in part and bars Plaintiffs' class action claims.

## <u>TENTH DEFENSE</u>

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## <u>ELEVENTH DEFENSE</u>

At all times relevant, the actions of Defendants were reasonable, proper, legal, without wrongful intent and without malice which bars any claim for punitive damages.

### TWELFTH DEFENSE

Plaintiff Niblock's claims for injunctive relief are moot because she is no longer enrolled at the University of Kentucky and has not applied for readmission, which bars Plaintiffs' claims in whole or in part.

### THIRTEENTH DEFENSE

Plaintiffs seek class certification under Rule 23(b)(2), which applies only to actions involving predominately injunctive relief. As a result, Plaintiffs' claims for compensatory damages are barred in whole or in part.

### FOURTEENTH DEFENSE

The injunctive relief Plaintiffs demand is inappropriate and goes beyond the scope of a proper injunction because, rather than seek an injunction for the University to comply with Title IX and the Constitution, Plaintiffs seek to dictate the specific terms of how the University complies with Title IX and the Constitution, such as dictating *which* athletic opportunities the University offers its students. Plaintiffs' claims for injunctive relief are therefore barred in whole or in part.

### FIFTEENTH DEFENSE

To the extent not otherwise pleaded in this Answer, Defendants plead the affirmative defenses in Fed. R. Civ. P. 8(c) and reserve the right to raise any additional affirmative defenses that become known in the course of discovery.

WHEREFORE, Defendants respectfully request a declaration that the University's athletic program complies with Title IX, that judgment be entered in their favor, and that the Plaintiffs' Third Amended Complaint be dismissed and that they take nothing thereby. Defendants further request their costs and expenses, including attorney's fees, herein expended in this matter, and for any and all other relief to which they may appear to be entitled.

Respectfully submitted,

/s/ *Bryan H. Beauman*
Bryan H. Beauman
Donald C. Morgan
Sturgill, Turner, Barker & Moloney, PLLC
333 W. Vine Street, Suite 1500
Lexington, KY 40507
Telephone: (859) 255-8581
bbeauman@sturgillturner.com
dmorgan@sturgillturner.com

&

William E. Thro
General Counsel
University of Kentucky
301 Main Building
Lexington, Kentucky 40506
Telephone: (859) 257-2936
William.Thro@uky.edu
COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2022 the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF eFiling system, which will send a notice of electronic filing to all counsel of record:

/s/ *Bryan H. Beauman*
COUNSEL FOR DEFENDANTS

01600570.docx