UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| ELIZABETH NIBLOCK and ALA HASSAN, Individually and on behalf of those similarly situated<br><br>　　Plaintiffs,<br><br>V.<br><br>UNIVERSITY OF KENTUCKY, MITCH BARNHART AND ELI CAPILOUTO in their official capacities,<br><br>　　Defendants. | CIVIL ACTION NO. 5:19-394-KKC<br><br><br><br>ORDER |

*** *** ***

This matter is before the Court on Plaintiffs' Amended Motion for Class Certification. (DE 71.) Defendants having responded (DE 73) and Plaintiffs having replied (DE 75), the matter is now ripe for the Court's review. For the reasons set forth herein, Plaintiffs' motion (DE 71) is GRANTED IN PART and an adjusted class shall be certified.

I.

Elizabeth Niblock, the sole named Plaintiff in the original motion for class certification, was a University of Kentucky student interested in lacrosse and field hockey that graduated in July 2021. (DE 72 at 5–6.) The other Plaintiff named in the amended motion for class certification, Ala Hassan, is a current UK student that claims to be interested in joining a varsity lacrosse team if UK started one. (DE 72 at 6.) Plaintiffs assert that UK discriminates against female students on the basis of sex by providing them fewer and poorer opportunities in sports than male students in violation of the Equal Athletic Participation

1

Opportunity requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. (DE 71-1 at 5–12.)

Title IX prohibits—with certain inapplicable exceptions—excluding people on the basis of sex from participating in any education program or activity that receives federal financial assistance. 20 U.S.C. § 1681(a). Plaintiffs allege that UK's female undergraduate enrollment rate is almost 56% while its female athletic participation rate is approximately 44%. (DE 71-1 at 6.) In addition, Plaintiffs allege that UK's men's athletic teams receive just over $1.55 million for recruiting efforts, while the women's teams receive just over $575,000. (DE 71-1 at 11.) Plaintiffs seek declaratory, injunctive, and monetary relief, as follows:

(A) Plaintiffs seek a declaration that "Defendants violated and continue to violate Plaintiffs' civil and constitutional rights under Title IX and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, by discriminating against female students on the basis of sex by, among other things: (1) failing to provide female students with equal athletic participation opportunities (including all the benefits, advantages, privileges, services, and access to facilities and coaching provided in connection with varsity athletic participation opportunities); and (2) failing to provide female students with equal athletic financial assistance."
(B) Plaintiffs seek an injunction "(1) restraining Defendants from engaging in sex discrimination in the administration of the UK athletic programs; (2) requiring Defendants to increase athletic participation opportunities for female students by establishing women's varsity teams that reflect interest and ability of female athletes in field hockey, lacrosse, and/or other sports (with all the benefits, advantages, privileges, services, and access to facilities and coaching provided in connection with varsity athletic participation opportunities) or other appropriate measures; and (3) requiring Defendants to increase athletic financial assistance for female athletes."
(C) Plaintiffs seek "compensatory damages and other monetary relief as permitted by law, compensation for substantial injury associated with, among other things, lost professional status and reputation, lost opportunities for employment and professional acclaim, costs of seeking opportunities at other schools, lost past and future employment, lost compensation and benefits, humiliation, emotional pain and distress, lost self-esteem and other injuries . . . in an amount to be determined at trial."

(DE 72 at 28.) In pursuit of their claims, Plaintiffs request certification of the following proposed class under Fed. R. Civ. P. 23:

> All present, prospective, and future female students at University of Kentucky (UK) who are harmed by and seek change of UK's policies and practices in its Athletic Department as it relates to female athletes: (a) the allocation of athletic participation opportunities; (b) the allocation of athletic financial assistance; (c) the allocation of benefits provided to varsity athletes; and all females who are deterred from enrolling at UK because of alleged sex discrimination in its athletic program[.]

(DE 71-1 at 12–13.) Defendants oppose certification of the class, primarily on grounds that Plaintiffs' claims are not typical of the claims of the class, Plaintiffs are not adequate class representatives, and the proposed class is overly broad and not reasonably ascertainable. (DE 73 at 10–24.) The matter having been fully briefed, it is now ripe for the Court to review.

## II.

Class certification is appropriate if the district court finds, after conducting a rigorous analysis, that the requirements of Rule 23 have been met. *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 504 (6th Cir. 2015) (quoting *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851 (6th Cir. 2013)). Rule 23 does not set forth a mere pleading standard but requires that a party seeking class certification affirmatively demonstrate their compliance with the Rule. *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 418 (6th Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

District courts have broad discretion over whether to certify a class, *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996), but certain requirements must be met:

> To obtain class certification, the plaintiffs must show that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. These four requirements—numerosity, commonality, typicality, and adequate representation—serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the class members.

3

*In re Whirlpool*, 722 F.3d at 850 (internal citations and quotation marks omitted). In addition to fulfilling the four Rule 23(a) prerequisites listed above, a proposed class must also meet at least one of the three requirements listed in Rule 23(b). *Dukes*, 564 U.S. at 345; *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). Here, Plaintiffs seek certification under Rule 23(b)(2), which provides for declaratory and injunctive relief.

## III.

Defendants primarily oppose certification of Plaintiffs' proposed class on typicality and adequacy grounds, with additional concerns about overbreadth and ascertainability. Nevertheless, the Court will conduct a rigorous analysis of all of the requirements of Rule 23, as required.

### A. Rule 23(a) Requirements

#### 1. Numerosity

Plaintiffs first argue that their proposed class meets Rule 23(a)(1)'s numerosity requirements (DE 71-1 at 17–25), and Defendants do not dispute this. The Court agrees that that Plaintiffs' proposed class is sufficiently numerous.

Rule 23(a)(1) requires that members of a class be so numerous that joinder of all members is impracticable. *Young*, 693 F.3d at 541. No strict numerical test exists, and even a class of 35 members has been found sufficient to meet the numerosity requirement. *Id.* at 541–42. However, the "impracticability of joinder must be positively shown and cannot be speculative." *Id.* at 541 (quoting *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005)).

Plaintiffs assert that UK must add at least 168 additional women's athletic participation opportunities in order to comply with Title IX's requirements. Given that there are more than 11,000 female students at UK (DE 72 at 8), the putative class would likely be quite large. Joinder would be impracticable not only due to the size of the class but also—as

4

Plaintiffs point out—due to the fluid nature of the class given that new students are admitted to and graduate from UK every year.

Thus, the Court finds that the Plaintiffs' proposed class meets the Rule 23(a)(1) numerosity requirements.

## 2. Commonality

Plaintiffs next argue that their proposed class meets Rule 23(a)(2)'s commonality requirements (DE 71-1 at 25–27), and Defendants again do not dispute the assertion. The Court agrees that Plaintiffs have demonstrated sufficient commonality.

Rule 23(a)(2) requires that there be questions of law or fact common to the class. To satisfy this requirement, even a single common question will suffice. *In re Whirlpool*, 722 F.3d at 853; *Dukes*, 564 U.S. at 359. The common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. In other words, what matters is the capacity of a classwide proceeding to generate common answers to resolve the litigation. *Id.*

Here, as the Court has previously referenced (DE 25 at 13), there appears to be a common question of whether UK has violated Title IX by failing to provide female students with an equal allocation of varsity athletic participation opportunities. Further, a declaratory judgment that UK does violate Title IX in this way and injunctive relief requiring UK to remedy its violation would seem to provide a common answer. While Plaintiffs' damages claims are not amenable to a common answer, this is not fatal. *See Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988) ("No matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action. Consequently, the mere fact that questions peculiar to each

individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible.").

Thus, the Court finds that the Plaintiffs' proposed class meets the Rule 23(a)(2) commonality requirements.

### 3. Typicality and Adequate Representation

Finally, Plaintiffs argue that their proposed class meets Rule 23(a)(3)'s typicality requirements and Rule 23(a)(4)'s adequate representation requirements. (DE 71-1 at 27–34.) Defendants contest both these assertions. (DE 73 at 10–17.) The Court agrees with each in part.

In some cases—such as this one—the typicality and adequate representation requirements tend to merge, so the Court may consider them together. *In re Whirlpool*, 722 F.3d at 853 (citing *Dukes*, 564 U.S. at 349 n.5).

Rule 23(a)(3) requires plaintiffs to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Rikos*, 799 F.3d at 509. This typicality requirement measures the extent to which the named representatives' interests are aligned with the interests of the proposed class members. *Young*, 693 F.3d at 542.

Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class. To meet the adequate representation requirement: (1) "the representative must have common interests with unnamed members of the class," and (2) "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Young*, 693 F.3d at 543 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d at 1083).

The first issue is that Plaintiff Niblock graduated from UK in July 2021. (DE 72 at 5–6.) Plaintiffs proposed class would include "[a]ll present, prospective, and future female

6

students" at UK and "all females who are deterred from enrolling at UK because of alleged sex discrimination in its athletic program[.]" (DE 71-1 at 12–13.) Niblock no longer fits into any of those categories and thus would not be a member of the proposed class. As a result, she cannot be a representative of the proposed class. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be part of the class . . . .") (internal quotation marks omitted).

Next, the Court must examine whether Plaintiff Hassan meets the typicality and adequate representation requirements of the proposed class.[1] Defendants argue that Hassan would not be an adequate class representative for students interested in sports other than lacrosse. However, Hassan has stated on the record that she supports greater athletic participation opportunities for women generally, not just for those interested in lacrosse. (DE 75-2.) Additionally, the declaratory and injunctive relief sought is not limited to lacrosse but relates to general compliance with Title IX. Thus, the Court does not find Hassan's personal interest in lacrosse limiting.

Defendants also question whether Hassan can adequately represent current varsity athletes or claims for financial assistance and benefits. Defendants' concerns are misplaced. As Defendants note, the Court has already interpreted Plaintiffs' claims related to financial assistance and benefits as rooted in Plaintiffs' claim about the unequal allocation of athletic participation opportunities. (DE 25 at 13.) Further, the proposed class is restricted to those students "who are harmed by and seek change of" UK's alleged failure to provide equal athletic participation opportunities. Thus, the Court finds that the class is tailored by its own

---

[1] The adequacy of the proposed class counsel is also sometimes examined under Rule 23(a)(4). *Young*, 693 F.3d at 544. Defendants do not appear to dispute the adequacy of counsel, and the Court sees no reason to doubt their qualifications given their experience with both class actions and Title IX litigation. (DE 71-1 at 29–30.)

terms, as well as by the Court's previous interpretation of Plaintiffs' complaint, to include only those female students whose concerns are aligned with Hassan's.

However, the Court finds Defendants' concerns about including "all females who are deterred from enrolling at UK because of alleged sex discrimination in its athletic program" well-founded and—for the same reasons—would also exclude "prospective" students from the class. First, "prospective" as a label seems to complicate more than it clarifies, as "prospective students" are a group that will subsequently sort into "future students" and "deterred" individuals as well as individuals that end up not matriculating at UK for reasons unrelated to the allocation of athletic participation opportunities. The inclusion of "deterred" individuals is problematic for several reasons. As a threshold matter, it is not clear to the Court that deterred individuals (i.e. individuals that are not UK students) would have standing to assert a Title IX claim against UK. Even if the standing issue could be mitigated—and the Court does not see how it could be—there would be two additional issues: (1) Hassan—a current UK student—would not be an adequate representative of the interests of those who chose not to enroll at UK; and (2) the remedies sought by the class—declaratory and injunctive relief—would not cure the alleged harm of individuals who were deterred from enrolling.[2]

The inclusion of "future students" does not raise the same issues. The Court understands the inclusion of "future students" in the class as a device to mitigate potential standing issues should litigation continue beyond the point when all current (i.e. at the time

---

[2] The inclusion of deterred individuals would also raise significant issues of ascertainability, *Young*, 693 F.3d at 538, as determining whether a female who is not a UK student is a class member would involve an individualized inquiry into the reasoning behind their lack of enrollment at UK. However, because the Court is certifying a Rule 23(b)(2) class for injunctive and declaratory relief *only*, this factor is not dispositive. *Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016) ("The decisions of other federal courts and the purpose of Rule 23(b)(2) persuade us that ascertainability is not an additional requirement for certification of a (b)(2) class seeking only injunctive and declaratory relief.").

of publication of this opinion) UK students who may be members of the class have graduated. These future students would also eventually benefit from the injunctive and declaratory relief remedies sought by Plaintiffs if granted, unlike "deterred" individuals.

Accordingly, the class as proposed would not satisfy the Rule 23(a)(3)–(4) requirements due to the inclusion of "prospective" students and "all females who are deterred from enrolling at UK because of alleged sex discrimination in its athletic program."

### 4. Adjusted Class Definition

District courts have broad discretion to modify class definitions and have an obligation to make appropriate adjustments to class definitions as litigation progresses. *Powers. v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). To cure the above-identified issues with the proposed class and incorporate the Court's previous rulings (*e.g.*, DE 25 at 13), without disturbing the Court's numerosity or commonality findings, the Court will adjust the class definition as follows:

> All present and future female students at the University of Kentucky (UK) who are harmed by and seek change of UK's allocation of athletic participation opportunities for female students.

This class, with Ala Hassan as the named class representative, would fulfill the Rule 23(a) requirements of numerosity, commonality, typicality, and adequate representation.

### B. Rule 23(b)(2) Requirements

Plaintiffs seek certification of a Rule 23(b)(2) class, which covers instances where the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. *Gooch*, 672 F.3d at 427. Rule 23(b)(2) is meant to capture situations where a single classwide order can provide a remedy. *Dukes*, 564 U.S. at 361.

Although Plaintiffs' Amended Complaint mentions compensatory damages and other monetary relief (DE 72 at 28), Plaintiffs' motion for class certification only references

injunctive and declaratory relief. (DE 71-1 at 32–24.) Thus, the Court is only analyzing the propriety of class certification as to injunctive and declaratory relief. *See Gooch*, 672 F.3d at 429 ("In sum, certifying declaratory relief under Rule 23(b)(2) is permissible even when the declaratory relief serves as a predicate for later monetary relief[.]").

While Defendants deny that Plaintiffs' proposed class satisfies the Rule 23(a) requirements, Defendants do not appear to dispute that—barring those objections—the proposed class would be fit for Rule 23(b)(2) classification. If the Court were to grant declaratory or injunctive relief related to UK's allocation of athletic participation opportunities for female students, it would remedy the alleged harm of the entire class, as adjusted. Accordingly, the Court finds that the adjusted class is appropriate for certification under Rule 23(b)(2).

**C. Class Counsel**

A court that certifies a class must appoint class counsel, considering: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Plaintiffs' counsel have adequately described how their previous experience with class actions and Title IX litigation and their work on this case thus far satisfies the Rule 23(g) requirements. (DE 71-1 at 29–30.) Thus, the court will appoint Plaintiffs' counsel—Jill Zwagerman, Lori Bullock, and Barbara Bonar—as class counsel.

### IV. CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED**:

(1) Plaintiffs' motion (DE 71) is GRANTED IN PART;

10

(2) Pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the following class seeking injunctive and declaratory relief shall be certified:

> All present and future female students at the University of Kentucky (UK) who are harmed by and seek change of UK's allocation of athletic participation opportunities for female students;

(3) The class representative shall be Ala Hassan; and

(4) Pursuant to Federal Rule of Civil Procedure 23(g), class counsel shall be Jill Zwagerman, Lori Bullock, and Barbara Bonar.

This 14th day of March, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY