UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ELIZABETH NIBLOCK and ALA HASSAN, Individually and on behalf of those similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF KENTUCKY, MITCH BARNHART, and ELI CAPILOUTO in their official capacities,<br><br>     Defendants. | CIVIL ACTION NO. 5:19-394-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on two motions in limine (DE 91, 95) filed by the parties.

With their motion in limine (DE 91), the defendants (together, "UK") ask the Court to prohibit the plaintiffs from introducing evidence of monetary damages.

This Court has already held that the plaintiffs cannot recover monetary damages on their Equal Protection claim because that relief is barred by the Eleventh Amendment. (DE 25, Opinion at 17.) As to the plaintiffs' Title IX claim, UK asserts that plaintiffs should not be awarded damages because they did not provide a computation of the damages they seek as required under Rule 26. UK further argues that the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.,* 142 S. Ct. 1562 (2022) precludes the Court from awarding emotional distress damages on a Title IX claim.

Federal Rule of Civil Procedure 26 requires a party to provide "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). In addition, the rule requires the disclosing party to "make available for inspection and copying as under Rule

34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Id.*

In their initial Rule 26 disclosures and in every one of their six supplemental disclosures after that, under the heading, "Computation of damages claimed by Plaintiff," plaintiffs stated only, "As this matter is an action based primarily on injunctive and/or declaratory relief pursuant to Federal Rule of Civil Procedure 23(b)(2) any monetary damages awarded class representatives or class members would be incidental to the predominate injunctive claim." (DE 91-1, Rule 26 Disclosure.) The plaintiffs have never provided a computation of those monetary damages as Rule 26 requires. Nor have plaintiffs identified any documents or evidentiary material which would support any such computation.

In their trial brief, plaintiffs indicated they seek only injunctive relief; they never mentioned monetary damages:

> The relief that should be afforded to Plaintiffs is injunctive relief preventing further violation of the women's civil rights and ordering Kentucky to elevate to varsity status those women's teams that there is interest and ability to play, namely lacrosse, field hockey, and/or equestrian. The Court should further order Kentucky to undergo a full Title IX compliance review with an individual company agreed upon by the parties, create a gender equity compliance plan, and implement said plan with the Court overseeing the implementation of the plan and Title IX compliance for at least five years.

(DE 86, Pf. Pretrial Mem. at 12-13.)

In their response to UK's motion in limine, plaintiffs do not make clear whether they even seek monetary damages. They state, "*To the extent Plaintiffs seek any monetary damages*, it will be for the individually named plaintiffs, Ms. Niblock and Ms. Hassan." (DE 101, Response at 10 (emphasis added)) Moreover, in their response, plaintiffs address only UK's argument that emotional distress damages are precluded under *Cummings.* The plaintiffs do not dispute that they

2

failed to disclose the monetary damages as required under Rule 26. Nor do they dispute that they should be precluded from seeking monetary damages because of that failure. They do not address this issue at all.

At the pretrial conference held on July 31, 2023, plaintiffs did not provide a calculation of damages or even indicate they had one. Thus, to date, plaintiffs have never made clear if they seek monetary damages, provided a calculation of those damages, or identified what evidence they would use to prove such damages. Under Federal Rule of Civil Procedure 37, when a party fails to disclose information or identify a witness as required by Rule 26(a), the party should be precluded from using that information or calling that witness unless the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiffs do not provide the Court with any basis to find that their failure to provide a calculation of damages or to identify the evidence to support any such calculation was substantially justified or harmless. As the plaintiffs made clear in their disclosures and trial brief, this case has always been about injunctive relief. Plaintiffs do not identify any evidence of monetary damages that they have provided UK nor do they explain how UK has been otherwise notified of what that evidence would be. UK would be prejudiced if the Court were to permit the introduction of such evidence at this late date. Accordingly, the Court will grant UK's motion in limine to the extent that UK seek to preclude the introduction of any evidence of plaintiffs' monetary damages.

In its motion in limine, UK also ask the Court to exclude evidence that any nonstudents asked UK to add certain varsity sports teams. UK argues the evidence is irrelevant. The Court will deny this portion of the motion in limine as premature. In their response brief, plaintiffs state the only witness they will call who falls into this category is Suzanna Stammer, a UK alumni and former women's field hockey coach. The Court explained at the pretrial conference, it will permit

Stammer to testify. UK may reassert any objections to Stammer's testimony at trial, where the Court can rule on the objections with greater knowledge of the context and content of Stammer's testimony.

As to the plaintiffs' motion in limine (DE 95), they seek to exclude any testimony that the Office of Civil Rights (OCR's) approved UK's athletic interest survey. While UK filed an objection to the motion, at the pretrial teleconference, UK indicated that it did not intend to offer evidence that the OCR approved the survey. Accordingly, the Court DENIES this motion as moot. The plaintiffs may reassert this objection if UK should attempt during trial to introduce any evidence that the OCR approved the survey.

For all these reasons, the Court hereby ORDERS as follows:

1) UK's motion is limine (DE 91) is GRANTED to the extent that UK seeks to preclude the plaintiffs from introducing evidence of monetary damages. All such evidence is EXCLUDED. The motion is DENIED as premature to the extent that UK seeks to preclude evidence that any nonstudents asked UK to add certain varsity sports teams. UK may reassert this objection at trial.

2) The plaintiffs' motion in limine (DE 95), by which they seek to exclude any testimony that the Office of Civil Rights (OCR's) approved UK's athletic interest survey, is DENIED as moot. The plaintiffs may reassert this objection at trial if UK should attempt to introduce any evidence that the OCR approved the survey.

August 2, 2023



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY