UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:19-CV-00394-KKC
-*Electronically filed*-

ELIZABETH NIBLOCK and ALA HASSAN, Individually
and on behalf of all those similarly situated                                                              PLAINTIFFS

**UNIVERSITY OF KENTUCKY'S REPLY IN SUPPORT OF ITS**
v.   **MOTION FOR RECONSIDERATION OF COURT'S PREVIOUS RULING**
**ON APPLICABILITY OF THE THREE-PART TEST**

UNIVERSITY OF KENTUCKY, MITCH
BARNHART and ELI CAPILOUTO                                                                           DEFENDANTS

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

The Court should reconsider its previous ruling on the applicability of the "three-part test" stated in the 1979 Policy Interpretation for three reasons.[1]

*First*, the Supreme Court's statement that previous decisions applying *Chevron* remain good law is limited to cases that applied the two-step *Chevron* analysis. Under the old *Chevron* framework, a court had to conclude explicitly that (1) the statute was ambiguous; and (2) the agency's interpretation was reasonable. The Sixth Circuit never engaged in an explicit *Chevron* analysis. Rather, as explained in more detail below, the Sixth Circuit simply cited cases from other Circuits and summarily adopted those holdings. The Supreme Court's statements about *stare decisis* are limited to cases that engaged in the explicit *Chevron* analysis. Those statements do not apply when the analysis was no more than a summary adoption of another Court's holdings.

Consider the cases on which the Plaintiffs rely. In *Horner v. Kentucky High School Athletics Association*, the Court accorded significant and controlling deference to the 1979 Policy Interpretation based on just one sentence from *Cohen v. Brown University*, a First Circuit case: the

---

[1]   Aug. 4, 2023, Opinion and Order [DE 134].

1

"Policy Interpretation is a 'considered interpretation, of the applicable regulations, and is entitled to substantial deference by the courts."[2] Even the *Cohen* court did not offer much more explanation for the "appreciable deference" it accorded the 1979 Policy Interpretation. Instead, that court twice cited *Chevron* to effectively end any substantive analysis.

In *Miami Univ. Wrestling Club v. Miami University*, the Court did not do much more than that either. As in *Horner*, the Court's conclusion was based on a cursory reference to a string cite of other circuit cases.[3] The Court's statement was mostly based on its observation that "Congress ha[d] not 'directly spoken to the precise question at issue.'"[4] Yet, the same was true in *Loper Bright*. There a federal agency seized on statutory silence to expand its purported authority in hopes that a federal court would afford it the presumption often granted under *Chevron*.[5] According to the Supreme Court, however, the "better presumption is . . . that Congress expects courts to do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch."[6]

*Second*, because properly promulgated regulations have the force and effect of a statute,[7] *Loper Bright* is equally applicable to agency interpretations of a regulation. Even so, the Plaintiffs highlight a distinction that makes no difference. According to the Plaintiffs, "*Loper Bright* does

---

[2] *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 273 (6th Cir. 1994) (quoting *Cohen v. Brown Univ.*, 991 F.2d 888, 896–97 (1st Cir. 1993)).

[3] 302 F.3d 608, 615 (6th Cir. 2002) (collecting cases).

[4] *Miami Univ.*, 302 F.3d at 615.

[5] *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2256 (2024) ("In dissent, Judge Walker concluded that Congress's silence on industry funded observers for the Atlantic herring fishery—coupled with the express provision for such observers in other fisheries and on foreign vessels—unambiguously indicated that NMFS lacked the authority to "require [Atlantic herring] fishermen to pay the wages of at-sea monitors.").

[6] *Loper Bright*, 144 S. Ct. at 2267.

[7] *Chrysler Corp. v. Brown*, 441 U.S. 281, 295–96 (1979) ("It has been established in a variety of contexts that properly promulgated, substantive agency regulations have the 'force and effect of law.' This doctrine is so well established that agency regulations implementing federal statutes have been held to pre-empt state law under the Supremacy Clause.").

2

not implicate an agency interpretation of its own regulations and nothing has changed regarding the deference due to the 1979 Policy Interpretation."[8] They also point out that the "Court's decision [in] *Loper Bright* is focused on an agency's interpretation of statute, the 1979 Policy Interpretation is an interpretation of the regulation."[9] Yet, the "judicial power, as originally understood, requires a court to exercise its independent judgment in interpreting and expounding upon the laws."[10] The judicial power extends to interpreting and expounding upon the meaning of the law whether stated in statute *or* regulation. *Loper Bright* does not invite courts to defer to an agency's interpretation of the law just because that law is stated in regulation. Thus, it is the courts—not an executive agency—that should interpret and expound on the meaning of the 34 C.F.R. § 106.41(c).[11] That is so because "*Chevron* is overruled. Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority[.]"[12]

*Third*, even if *Loper Bright* does not apply to an agency's interpretation of its own regulations, the 1979 Policy Interpretation is not entitled to deference under *Kisor* for all the reasons the University has provided.[13]

---

[8]  Resp. at 6.

[9]  *Id*. at 3.

[10] *Loper Bright*, 144 S. Ct. at 2274 (Thomas, J. concurring).

[11] *Id*. at 2275 (Thomas, J. concurring) ("Chevron was thus a fundamental disruption of our separation of powers. It improperly strips courts of judicial power by simultaneously increasing the power of executive agencies."); *Id*. (Gorsuch, J. concurring) (citing *Marbury v. Madison*, 1 Cranch 137, 177 (1803) ("In disputes between individuals and the government about the meaning of a federal law, federal courts have traditionally sought to offer independent judgments about 'what the law is' without favor to either side.").

[12] *Loper Bright*, 144 S. Ct. at 2273.

[13] University's Proposed Findings of Fact and Conclusions of Law, at pp. 34–78 [DE 155].

For these reasons, the University asks this Court to reconsider its conclusion that the three-part test must apply.

Respectfully submitted,

/s/ *Carmine G. Iaccarino*

| | |
|---|---|
| Bryan H. Beauman | William E. Thro |
| Carmine G. Iaccarino | University of Kentucky |
| Sturgill, Turner, Barker & Moloney, PLLC | 301 Main Building |
| 333 West Vine Street, Suite 1500 | Lexington, Kentucky 40506 |
| Lexington, Kentucky 40507 | Telephone: (859) 257-2936 |
| Telephone: 859.255.8581 | William.Thro@uky.edu |
| Facsimile: 859.231.0851 | |
| BBeauman@sturgillturner.com | |
| Carmine@sturgillturner.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2024, I filed this document using the Court's CM/ECF system, which will send electronic notice to all counsel of record registered to receive electronic filings.

/s/ *Carmine G. Iaccarino*
ATTORNEY FOR DEFENDANTS